UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NANCY EOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. 2:20-cv-72-SPM |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Nancy Eoff ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

**I.     PROCEDURAL BACKGROUND**[2]

On March 27, 2017, Plaintiff applied for SSI, alleging that she had been unable to work since November 2016 due to knee problems, neck problems, concussion, thyroid. (Tr. 63, 82, 252). Plaintiff also added that she was unable to work due to anxiety, back problems, depression, and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The administrative transcript also contains an application for Disability Insurance Benefits (DIB). (Tr. 205-11), which was also denied because Plaintiff "ha[s] not worked long enough under Social Security." (Tr. 105-08).

"screws and plate in left wrist". (Tr. 83, 287). Her application was initially denied. (Tr. 109-12). Plaintiff requested reconsideration of the denial (Tr. 117, 118-23), but her application was denied on reconsideration. (Tr. 124-25). On May 31, 2018, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 129). After a hearing, the ALJ issued an unfavorable decision on December 13, 2019. (Tr. 9-19). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 203-04), but the Appeals Council declined to review the case on September 16, 2020. (Tr. 1-3). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

  **II.**  **STANDARD FOR DETERMINING DISABILITY UNDER THE ACT**

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for

him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at

3

611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.960(c)(2).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since March 27, 2017, the application date. (Tr. 11). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar spine (mild); thoracic scoliosis; arthritis of left knee status-post arthroplasty; tendonitis left shoulder; carpal tunnel syndrome (CTS) left; pain syndrome; thyroid disorder; anxiety; and depression. (Tr. 11). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 12).

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 416.967(a), except can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme cold and vibration; can frequently handle; can never climb ladders, ropes, or scaffolds; can

4

> never be exposed to unprotected heights; can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every two hours; can interact as needed with supervisors and coworkers and occasionally interact with the public; and can adapt to routine work conditions and occasional work place changes.

(Tr. 13-14). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 17). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that there are jobs that exist in numbers in the national economy that Plaintiff can perform such as table worker, addresser, and document preparer. (Tr. 18). The ALJ concluded that Plaintiff "has not been under a disability . . . since March 27, 2017, the date the application was filed[.]" (Tr. 19).

## IV. DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds: 1) that the ALJ erred by discrediting her complaints of pain; and 2) that the RFC is not supported by substantial evidence as the ALJ failed to provide a thorough analysis as required by the SSR 96-8p and that the ALJ failed to fully consider her obesity.

### A. STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002); 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

5

"Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.   ALLEGATIONS OF PAIN

Plaintiff first challenges the ALJ's decision by asserting that the ALJ erred by discrediting her complaints of pain.

Courts normally defer to an ALJ's credibility determination. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). Per 20 C.F.R. § 404.1529, when evaluating disability, the SSA will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." The Eighth Circuit has held that the ALJ must consider the five *Polaski* factors when considering a claimant's subjective descriptions of disabling pain: (1) the claimant's daily activities; (2) the

duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). But the ALJ is "not required to discuss each *Polaski* factor so long as [she] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (citation omitted).

"After careful consideration of the evidence," the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 15). Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized his obligation to assess Plaintiff's symptoms based on the requirements of 20 C.F.R. § 416.929 and SSR 16-3p. (Tr. 14). *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors"). Additionally, the ALJ specifically recognized and listed the *Polaski* factors in his Decision. (Tr. 14).

Here, Plaintiff argues that the ALJ's Decision does not include a proper pain evaluation as the ALJ failed to point to any specific evidence and that the ALJ deemed Plaintiff's treatment as "conservative" in "a sweeping, inaccurate, conclusory manner[.]" (Doc. 23 at 8). Plaintiff also asserts that the ALJ ignored her extensive surgical history. Responding, the Commissioner asserts that the ALJ's Decision is supported by substantial evidence.

The Court finds that the ALJ appropriately discounted Plaintiff's allegations of disabling pain based on the objective medical evidence and nature of treatment, which includes a course of conservative treatment. The Eighth Circuit has recently held that an ALJ "is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley*, 9 F.4th at 630 (citation omitted). It was

reasonable for the ALJ to rely on objective medical evidence in adjudicating Plaintiff's claim. (Tr. 15-17). The medical records show that Plaintiff underwent several surgeries to help alleviate pain she was experiencing. The ALJ acknowledged such surgeries. (Tr. 15) (discussing carpal tunnel surgery; left shoulder anterior inferior labral repair surgery; left knee status-post arthroplasty and surgical follow up notes). Based on this, it is clear that the ALJ acknowledged Plaintiff's multiple surgeries and accounted for them.

The ALJ's Decision also thoroughly explains the reasoning for discounting the allegations of pain. For example, the ALJ reasoned that he limited Plaintiff to frequent handling duties because Plaintiff's carpal tunnel syndrome indicated the issue was resolved but that Plaintiff did complain of some hand pain following this surgery, and that there was no evidence of grip issues post-surgery and a recent physical exam showed normal extremities without motor or sensory deficit. (Tr. 15). Further, the ALJ acknowledged that Plaintiff was still experiencing some shoulder pain after several surgeries, but that the physical exams after showed only mild pain that was described as controlled and her doctor recommended that she continue with conservative care. (Tr. 15). The ALJ goes on to discuss her left knee issues, back issues, and obesity. (Tr. 15-16). At the conclusion of discussing her medical evidence, the ALJ reasoned:

> The above findings and [Plaintiff]'s subjective allegations suggest that [her] physical impairments, in combination, limit her to sedentary exertional work. Accounting more specifically for her back pain with some noted spasms and decreased range of motion due to pain, but no consistent evidence of neuromuscular deficits, and any potential side effects from her medications, she can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme cold and vibration; can never climb ladders, ropes, or scaffolds; and can never be exposed to unprotected heights. Due to her history of carpal tunnel release, she can frequently handle.

(Tr. 16). An independent review of the record also reflects that Plaintiff's doctor, Dr. Richardson, specifically recommended to continue with a conservative course of treatment, which included continuing with medications, braces, anti-inflammatories, and injections. Based on the foregoing,

8

the ALJ correctly considered the *Polaski* factors and adequately explained his reasoning. As such, the ALJ's Decision is supported by substantial evidence.

### C.     R<small>FC</small> A<small>SSESSMENT</small>

Plaintiff next challenges the ALJ's decision, asserting that the RFC is not supported by substantial evidence and the ALJ failed to provide a thorough analysis as required by the SSR 96-8p; and that the ALJ failed to fully consider her obesity.

An ALJ determines the RFC "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But an ALJ "is not limited to considering medical evidence exclusively," as even though the "RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The Court recognizes that an ALJ "may not draw upon [her] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The Eighth Circuit has held that the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted). In this case, the ALJ performed an extensive review of relevant evidence, including Plaintiff's substantial medical records, before concluding Plaintiff was capable of sedentary work with certain additional limitations. This analysis was entirely consistent with the requirements of SSR 96-8p and other applicable regulations. The ALJ assessed objective medical evidence, carefully described various objective

findings, and cited numerous sources of objective medical evidence across Plaintiff's many physician visits and tests. (Tr. 15-17).

Here, the ALJ's RFC Assessment and corresponding reasoning are supported by substantial evidence. As explained above, the ALJ acknowledged Plaintiff's several surgeries and the objective medical evidence showing at times that Plaintiff still complained of pain and problems even post-surgery. Plaintiff argues that Dr. Richardson was in the best position to offer an opinion about Plaintiff's capabilities. However, as the ALJ and the Commissioner correctly note, Dr. Richardson continuously recommended a conservative treatment protocol and conservative care, even after performing several surgeries. The ALJ also could rely on Plaintiff's activities of daily living in conjunction with his thorough analysis of the medical evidence, which was not reversible error as Plaintiff alleges. Instead, the ALJ explained the limitations shown in the RFC, as noted above.

As for Plaintiff's arguments that the ALJ did not consider her obesity, the ALJ explicitly stated that he considered her obesity and found the following:

> In addition to [Plaintiff]'s other physical impairments, she is obese with a body mass index (BMI) greater than 40. In this case, [Plaintiff]'s obesity does not affect her ability to ambulate effectively, as defined in listing 1.00B2b, and there no evidence to show that [Plaintiff]'s obesity precludes work activities altogether. In addition, [Plaintiff]'s respiratory system and cardiovascular system are not unduly impaired. There is also no evidence that [Plaintiff]'s obesity affects [her] mental condition, including [her] social functioning (SSR 02-1p). Accordingly, there is nothing to indicate that [Plaintiff]'s obesity aggravates her documented physical condition beyond the limitations described above in the [RFC].

(Tr. 16) (internal citations omitted). Based on the foregoing, the ALJ explicitly considered Plaintiff's obesity and the Court finds no reversible error.

This Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence

10

in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court acknowledges that the record contains some evidence where Plaintiff was clearly struggling with pain and required surgical intervention, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

V.    **CONCLUSION**

For all of the foregoing reasons, the Court finds the ALJ's Decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

/s/ Shirley Padmore Mensah
_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2022.